42 F.3d 1400
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Teodor MARIAN, Plaintiff-Appellant,
v.
W. SCOTT, et al., Defendants-Appellees.
 No. 93-16708.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 14, 1994.*
Decided Nov. 22, 1994.
 
 Before: WALLACE, Chief Judge, GOODWIN and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Teodor Marian appeals pro se the district court's dismissal of his 42 U.S.C. Sec. 1983 action alleging that defendants violated his constitutional rights during his arrest and detention in the El Mirage jail. We have jurisdiction under 28 U.S.C. Sec. 1291. We review de novo, McGuckin v. Smith, 974 F.2d 1050, 1054 (9th Cir.1992), and affirm.
 
 
 3
 Marian's complaint alleged that he was arrested by El Mirage police officer Scott on December 1, 1988, for the violations of driving on a suspended license and having no proof of financial responsibility. Marian states Scott and "a judge" took him into custody and Marian was detained in the city jail for thirteen days until he pled guilty and paid a fine. On January 15, 1991, Marian filed this Sec. 1983 action against Scott, unnamed employees of the El Mirage city jail, the prosecutor, Marian's court-appointed attorney, and the El Mirage judge. Specifically, Marian contends that (1) defendant Scott wrongly arrested him after Marian explained that he didn't know that his license had been suspended; (2) Scott and the judge denied him bail; (3) jail employees did not allow him to call his wife in the USSR and he was made to sleep on the floor, handcuffed to a bed, which injured his leg; and (4) his court appointed attorney and the judge illegally coerced him into pleading guilty saying it was the only way he would be released.
 
 
 4
 We may affirm the district court on any ground supported by the record. United States v. Washington, 969 F.2d 752, 755 (9th Cir.1992), cert. denied, 113 S.Ct. 1945 (1993). In order to recover damages for an allegedly unconstitutional conviction or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff must prove that the conviction has been invalidated in order to state a cognizable Sec. 1983 claim. Heck v. Humphrey, 114 S.Ct. 2364, 2372 (1994). A Sec. 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated. Id. at 2373.
 
 
 5
 Here, Marian is seeking to recover compensatory and punitive damages from Scott for conduct which if proven true, would invalidate his conviction. Marian's conviction has not been invalidated. Thus, Marian cannot state a cognizable Sec. 1983 claim based on Scott's conduct.[1] Accordingly, the district court properly dismissed this action against Scott as a matter of law. See Heck, 114 S.Ct. at 2372; McGuckin, 974 F.2d at 1055.[2]
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Marian's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Supreme Court's decision in Heck applies retroactively to the instant case because the Court applied the rule announced in Heck to the parties in that case. See Harper v. Virginia Dep't of Taxation, 113 S.Ct. 2510, 2517 (1993) (no court may refuse to apply rule of federal law retroactively once the Court applies it to the parties before it)
 
 
 [2]
 We note that Marian did not serve his complaint on any defendant other than Scott, and thus the district court's dismissal properly was limited to that defendant. Since Marian failed to state a cognizable Sec. 1983 claim against Scott, we need not address Marian's additional arguments concerning further discovery and leave to amend his complaint